**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARLOS ENRIQUE CRUZ GONZALES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-05286** |
| | § | |
| **ATTORNEY GENERAL,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Carlos Enrique Cruz Gonzales' Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Response and Motion for Summary Judgment (ECF No. 10). For the reasons that follow, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Honduras who entered the United States without inspection in 2019. ECF No. 10 at 2. After initial entry, he was processed for an order of release on recognizance. *Id.* at 10. He previously filed an application for asylum, withholding of removal, and protection against torture, which an Immigration Judge ("IJ") pretermitted on June 15, 2026. *See* ECF No. 10 – Ex. 1 at 31-44. Petitioner has appealed that decision.

There is no indication in the record that Petitioner failed to comply with any condition of his release on recognizance. Additionally, Petitioner has lived in the United States continuously

1 / 4

since 2019, supporting his wife and children. ECF No. 1 at 4. Respondents re-detained Petitioner after a car in which Petitioner was a passenger was stopped for a traffic violation. ECF No. 10 at 3. Since June 19, 2026, Petitioner has remained in detention at the Montgomery Processing Facility in Conroe, Texas. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.[1]

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of

---

[1] The Court is aware that the Fifth Circuit recently issued a stay in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). The Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is "not conclusive as to the merits," and this Court will not speculate as to the Fifth Circuit's unstated intentions. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Moreover, The Court will not presume that the Fifth Circuit intended far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order.

Even assuming that the stay has some precedential effect, Mr. Cruz Gonzales' position is substantively different from those of the petitioners in the *Sosnava Rodriguez* cases. Whereas those decisions dealt with the due process rights of inadmissible noncitizens who had never been previously encountered or released by DHS, Mr. Cruz Gonzales was released into the United States on an order of release on recognizance over six years ago and has resided here with the full knowledge of the United States Government ever since. This Court's due process analysis is focused on the arbitrary revocation of DHS' prior determination that Mr. Cruz Gonzales was neither a flight risk nor a danger to the community without notice, opportunity to be heard, or any allegation of changed individual circumstances. See generally *Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026). The reasoning at issue in *Sosnava Rodriguez* is therefore not applicable to Mr. Cruz Gonzales' Petition. For these reasons, the Court finds that the stay has no effect on its ruling on Petitioner's claims.

changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.   RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior order of release on recognizance.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitioner's counsel **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 3, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above. Respondents must also inform the Court of any conditions imposed upon Petitioner and demonstrate that those conditions are consistent with the terms of his prior order of release on recognizance.

Signed at Houston, Texas on July 31, 2026.

Keith P. Ellison
United States District Judge